UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
:
:
: **SUMMARY ORDER**
IN RE KAMAL ROY, *pro se* : 08-CV-1257 (DLI) (LB)
:
----------------------------------------------------------x
**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se* plaintiff Kamal Roy, a frequent filer in this and other jurisdictions,[1] filed yet another submission on March 21, 2008. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the limited purpose of this Order. For the reasons set forth below, the action is dismissed. In addition, the court directs plaintiff to show cause within thirty days why the court should not issue an order barring him from filing any future *in forma pauperis* action without first obtaining leave of the court to do so. *See* 28 U.S.C. § 1651.

As in plaintiff's past cases, his recent submission consists of numerous incomprehensible pages. The first page of the document lists several individuals and entities as defendants, including John McCain, "Hussain" Obama, Hillary Clinton, "USA Govt," and "All States in USA." The submission fails to conform to Rule 8 of the Federal Rules of Civil Procedure, which requires: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ." Fed. R. Civ. P. 8(a). Moreover, because the deficiencies in the complaint do not appear

---

[1] Plaintiff's previous cases in this court are: *Roy v. State of New York*, No. 07-CV-0340 (DLI), 2007 WL 602303 (E.D.N.Y. Feb. 20, 2007); *Roy v. We the People*, No. 07-CV-2930 (DLI), *Roy v. We the People*, No. 07-CV-3420 (DLI), *Roy v. Gramlegeek-Blog*, No. 07-CV-4889 (DLI), 2007 WL 4299177 (E.D.N.Y. Dec. 5, 2007); and *In re Roy*, No. 08-CV-0388 (DLI). Moreover, plaintiff has filed frequently in other jurisdictions and been barred in some of them. *See Roy v. United States*, No. 06-685-SLR, 2007 WL 1109296, at *1 (D. Del. Apr. 11, 2007, *as amended*, Apr. 24, 2007) (collecting cases from that and other courts.); *Kamal Karna Roy a/k/a/ Jungle Democracy v. CBS Inc., et al*, No. 07-206-SLR (D. Del. May 4, 2007) (permanently enjoining future filings after finding sharp, two-inch needles stuck into papers).

capable of being cured by amendment, the court concludes that it would be futile to grant leave to amend the complaint. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002).

Accordingly, the submission is dismissed, *sua sponte*, for failure to conform with Rule 8 and because the action is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B) (requiring a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

The court has previously notified Mr. Roy that the future filing of vexatious and frivolous litigation may lead the court to impose an injunction prohibiting him from filing a complaint without the court's prior authorization. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints."). Plaintiff has not taken the court's previous warnings seriously. Plaintiff's filing of frivolous complaints shall not be tolerated by this court. The All Writs Act, 28 U.S.C. § 1651, "grants district courts the power, under certain circumstances, to enjoin parties from filing further lawsuits." *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999). Accordingly, plaintiff is hereby directed to show cause, by written affirmation, within thirty days of the date of this Order, i.e., by May 12, 2008, why the court should not bar the acceptance for filing of any future *in forma pauperis* complaints without leave of the court. 28 U.S.C. § 1651; *MLE Realty Assocs.*, 192 F.3d at 261; *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("[T]he district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). If plaintiff fails to show cause within the time allotted, he

shall be barred from filing any future *in forma pauperis* complaint without leave of the court.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      April 10, 2008

                                               /s/
                                    DORA L. IRIZARRY
                                  United States District Judge